IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Jointly Administered |
| ) | Case No. 03-12339 (PJW) |
| PILLOWTEX CORPORATION, *et al.*,[1] ) | |
| ) | Chapter 11 |
| Debtors. ) | |
| ) | Re: D.I. 523 |
| PILLOWTEX CORPORATION and ) | |
| FIELDCREST CANNON, INC., ) | |
| ) | |
| Plaintiffs, ) | Adv. Proc. No. 03-57581 |
| ) | |
| v. ) | |
| ) | |
| TARGET CORPORATION, and ) | |
| MERVYN'S INC.[2] ) | |
| ) | |
| Defendants. ) | |

### ORDER AND JUDGMENT (A) AWARDING DAMAGES TO PLAINTIFFS AND (B) DENYING CERTAIN PENDING MOTIONS

This order and judgment (the "Order and Judgment") resolves two consolidated pending matters, the above-captioned adversary proceeding, Case No. 03-57581 (the "Adversary Proceeding") commenced by plaintiffs/debtors Pillowtex Corporation and Fieldcrest Cannon, Inc. (collectively, the "Plaintiffs"), and a motion (D.I. 523) (the

---

[1] In addition to Pillowtex Corporation and Fieldcrest Cannon, Inc., the other debtors are Beacon Manufacturing Company, Encee, Inc., FC Online, Inc., FCC Canada, Inc., FCI Corporate LLC, FCI Operations LLC, Fieldcrest Cannon Financing, Inc., Fieldcrest Cannon Licensing, Inc., Fieldcrest Cannon Transportation, Inc., The Leshner Corporation, Opelika Industries, Inc., PTEX Holding Company, PTEX, Inc., and Tennessee Woolen Mills, Inc. (collectively, "Debtors"). The United States Trustee appointed an Official Committee of Unsecured Creditors in these cases on August 11, 2003. Debtors continue in the management of their businesses and properties as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in any of Debtors' cases.

[2] Defendant Target Corporation is no longer a party to this action pursuant to the Stipulation and Order entered by the Court on March 1, 2005 (A.D.I. 22). Defendant Mervyn's, Inc. formerly was a wholly owned subsidiary of Target Corporation, but is now an independent entity known as Mervyn's LLC and represented by separate counsel.

"Motion") filed by defendant Mervyn's Inc. (the "Defendant") in the above-captioned jointly consolidated Chapter 11 proceedings, Case No. 03-12339 (the "Chapter 11 Cases") seeking precautionary relief from the automatic stay. No counterclaim, cross-claims or third-party claims have been filed in connection with these matters.

Prior to filing for bankruptcy on July 30, 2003, the Plaintiffs were manufacturers of certain home textile goods. The Plaintiffs seek damages for the Defendant's alleged failure to make certain payments for goods ordered by and delivered to the Defendant. The Defendant, in turn, seeks to recoup or setoff certain sums from the amount otherwise payable to the Plaintiffs, including: (i) "deductions" or "chargebacks" to which the Defendant is allegedly entitled (the "Deduction and Chargeback Claims"); (ii) retail price "markdowns" that the Defendant allegedly made to liquidate its inventories of goods manufactured by and already purchased from Plaintiffs (the "Markdown Claims"), and (iii) "lost profits" that the Defendant allegedly could have made from the future purchase and retail sale of additional goods manufactured by Plaintiffs (the "Lost Profit Claims").

On December 12, 2003, the Court signed a stipulated request and order procedurally consolidating for all purposes both the Adversary Proceeding and the Motion (Chapter 11 Cases D.I. 7).

On May 10, 2005, the Court signed a stipulation and order (A.D.I. 65) (the "Stipulation") providing that the net amount payable from the Defendant to the Plaintiffs for goods ordered by and delivered to the Defendant, after giving effect to all Deduction and Chargeback Claims (but excluding the Markdown Claims and Lost Profit Claims), totals $810,000.

A consolidated trial was held before the Court on May 10, 2005 (the "Trial") regarding the Defendant's Markdown Claims and Lost Profit Claims. The Court did not rule prior to the Trial on the parties' cross-motions for summary judgment.

      *      *      *

Upon consideration of the pleadings filed in the Adversary Proceeding by Plaintiffs, Defendant or any other party in connection with the Adversary Proceeding, including without limitation, the Stipulation and the pending cross-motions for summary judgment; *and*

Upon consideration of the Motion and all other related pleadings filed by Plaintiffs, Defendant or any other party in connection with the Motion; *and*

Upon consideration of the record in these matters, including without limitation, the Trial on the Adversary Proceeding and the Motion; *and*

Upon notice of the pleadings in the Adversary Proceeding, the Motion and all pleadings related to the Motion, and the Trial having been provided as set forth on the dockets in both the Adversary Proceeding and the Chapter 11 Cases; *and*

Upon good and sufficient cause appearing therefore;

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A. The Court has jurisdiction over this matter pursuant to Sections 157 and 1334 of Title 28 of the United States Code and Section 542(b) of Title 11 of the United States Code.

B. Venue is proper in the District of Delaware under Sections 1408 and 1409 of Title 28 of the United States Code.

the Plaintiffs any damages contemplated by the Markdown Claims and Lost Profit Claims.

**ON THE BASIS OF THESE FINDINGS AND DETERMINTIONS, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The Defendant's Markdown Claims and Lost Profit Claims are DENIED, and the Defendant is not entitled by such claims to any recoupment or setoff from amounts otherwise payable to the Plaintiffs under the Stipulation.

2. The Motion is DENIED.

3. The Plaintiffs shall submit to the Clerk of the Court a copy of the Trial transcript to be docketed in both the Adversary Proceeding and the Chapter 11 Cases.

4. Pursuant to the Stipulation, the Defendant shall pay to the Plaintiffs the sum of $810,000, and judgment is hereby entered in favor of Plaintiffs in the amount of such $810,000.

5. The parties' cross-motions for summary judgment are DENIED as moot.

6. This Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this Order and Judgment.

7. This Order and Judgment shall be docketed in both the Adversary Proceeding and the Chapter 11 Cases.

8. Upon the expiration of ten (10) business days from this Order and Judgment becoming final and non-appealable, the Clerk of the Court shall close the Adversary Proceeding. If an appeal of this Order and Judgment is pending, the Adversary Proceeding shall remain open until the expiration of ten (10) business days from an order of this Court or any other court with jurisdiction over the Adversary

Proceeding being entered which finally adjudicates the Adversary Proceeding and such order becoming final and non-appealable.

Dated: May 27, 2005
Wilmington, Delaware

_____
THE HONORABLE PETER J. WALSH
UNITED STATES BANKRUPTCY JUDGE

6

21951602v4