IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TARGET CORPORATION and MERVYN'S INC.<br><br>Defendant-Appellant,[1]<br><br>v.<br><br>PILLOWTEX CORPORATION and FIELDCREST CANNON, INC.,<br><br>Plaintiffs-Appellees. | C.A. No. 05-00433<br><br>*On appeal from Adversary Proceeding No. 03-57581 (PJW), in related Chapter 11 Case No. 03-12339 (PJW)* |

## STIPULATION OF SETTLEMENT AND DISMISSAL

Plaintiffs-Appellees Pillowtex Corporation and Fieldcrest Cannon, Inc.

(collectively, "Plaintiffs") and Defendant-Appellant Mervyn's LLC ("Mervyn's" or

"Defendant"), through their undersigned counsel, hereby respectfully request that the

Court enter this Stipulation of Settlement and Dismissal (the "Stipulation").

**WHEREAS**, on July 30, 2003, Plaintiffs and certain affiliated debtors (the

"Debtors"),[2] filed in the United States Bankruptcy Court for the District of Delaware (the

"Bankruptcy Court") petitions for relief under Chapter 11 of the Bankruptcy Code (Case

No. 03-12339 (PJW)); *and*

---

[1]    Mervyn's Inc. formerly was a wholly owned subsidiary of Target Corporation, but is now an independent entity known as Mervyn's LLP and represented by separate counsel. Target Corporation is no longer a party to this action pursuant to a stipulation and order entered in the Bankruptcy Court on March 1, 2005.

[2]    In addition to Pillowtex Corporation and Fieldcrest Cannon, Inc., the other debtors are Beacon Manufacturing Company, Encee, Inc., FC Online, Inc., FCC Canada, Inc., FCI Corporate LLC, FCI Operations LLC, Fieldcrest Cannon Financing, Inc., Fieldcrest Cannon Licensing, Inc., Fieldcrest Cannon Transportation, Inc., The Leshner Corporation, Opelika Industries, Inc., PTEX Holding Company, PTEX, Inc. and Tennessee Woolen Mills, Inc. Debtors' Chapter 11 cases have been consolidated for procedural purposes only, and Debtors continue in the management of their businesses and properties as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in any of Debtors' cases.

**WHEREAS**, the United States Trustee appointed an Official Committee of Unsecured Creditors in the Debtors' Chapter 11 cases on August 11, 2003; *and*

**WHEREAS**, on October 22, 2003, Mervyn's filed in the Bankruptcy Court a motion seeking precautionary relief from the automatic stay to recoup or setoff certain sums from the amount otherwise payable to Plaintiffs for goods ordered by and delivered to Mervyn's by Plaintiffs (the "Motion") (D.I. 523);[3] *and*

**WHEREAS**, on November 5, 2003, Plaintiffs filed in the Bankruptcy Court their opposition to the Motion (D.I. 560) and initiated this adversary proceeding (Case No. 03-57581 (PJW)) by filing a complaint stating claims against Mervyn's for turnover pursuant to Section 542(b) of the Bankruptcy Code and for breach of contract (the "Complaint") (A.D.I. 1); *and*

**WHEREAS**, on December 4, 2003, Mervyn's filed in the Bankruptcy Court an answer denying certain allegations in the Complaint (A.D.I. 6) and asserting, among other defenses, the right to recoup and/or setoff certain sums from amounts otherwise payable to Plaintiffs; *and*

**WHEREAS**, on December 12, 2003, a stipulated request and order was entered in the Bankruptcy Court procedurally consolidating for all purposes both the adversary proceeding and the Motion (D.I. 7); *and*

**WHEREAS**, following a bench trial on May 10, 2005, the Bankruptcy Court signed on May 27, 2005 an Order and Judgment in Plaintiffs' favor in the amount of $810,000 (the "May 27, 2005 Order") (D.I. 1549; A.D.I. 68); *and*

---

[3]    References to "D.I. xx" are to documents filed in the jointly administered Chapter 11 cases; references to "A.D.I. xx" are to documents filed in the related adversary proceeding.

**WHEREAS**, on June 9, 2005, Mervyn's filed a Notice of Appeal from the May 27 Order (A.D.I. 69), and, on June 16, 2005, Mervyn's filed a designation of record and statement of issues presented on appeal (A.D.I. 71); *and*

**WHEREAS**, the appeal was assigned for mediation pursuant to this Court's Standing Order dated July 23, 2004, and Plaintiffs and Mervyn's have submitted their respective position papers to the Court-assigned mediator in advance of a mediation scheduled for August 3, 2005; *and*

**WHEREAS**, Plaintiffs and Mervyn's now desire amicably to settle their disputes and to resolve all claims they might have against each other with respect to the Complaint and Motion without additional expense and delay; *and*

**WHEREAS**, the attorneys and the financial advisor to the Official Committee of Unsecured Creditors participated in the negotiation of, and are in agreement with, the terms of this Stipulation;

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between Plaintiffs and Mervyn's, through their undersigned counsel, as follows:

A.     Mervyn's agrees, by execution of this Stipulation, to the immediate dismissal of its appeal of the May 27, 2005 Order.

B.     Within ten (10) days of the Court's entry of this Stipulation, Mervyn's will make payment to Plaintiffs in the amount of $760,000.

C.     Plaintiffs agree, by execution of this Stipulation, that the May 27, 2005 Order in the amount of $810,000 will be deemed satisfied upon receipt of payment in the amount of $760,000 as set forth in Paragraph B above.

D.    Within five (5) business days of receipt of the payment set forth in Paragraph B above, Plaintiffs agree to file in both the Chapter 11 cases and the adversary proceeding a Notice of Satisfaction of Judgment in the form attached as Exhibit A.

E.    This Stipulation constitutes the entire agreement between Plaintiffs and Mervyn's with respect to the subject matter hereof and there are no representations, understandings, or agreements relative hereto which are not fully expressed herein.  Each of Plaintiffs and Mervyn's represents to the other that it has relied solely and exclusively on its own judgment and advice of its own attorneys in entering into this Stipulation.

F.    This Stipulation may be executed in counterparts, and when so executed each counterpart will be deemed an original, and all counterparts together will constitute one and the same instrument.


[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

22000219v1

Dated: August 15, 2005

MORRIS, NICHOLS, ARSHT & TUNNELL

_____

William H. Sudell, Jr. (No. 463)
Gilbert R. Saydah Jr. (No. 4304)
1201 North Market Street, P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone: (302) 658-9200
Facsimile: (302) 658-3989

DEBEVOISE & PLIMPTON LLP
Michael E. Wiles
Suzanne M. Grosso
919 Third Avenue
New York, New York 10022
Telephone: (212) 909-6000
Facsimile: (212) 909-6836

*Co-Counsel for Plaintiffs-Appellees*

LANDIS, RATH & COBB LLP

_____

Adam G. Landis (No. 3407)
Jamie L. Edmonson (No. 4247)
919 Market Street, Suite 600
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450

ORRICK, HERRINGTON & SUTCLIFFE LLP
Karen G. Johnson-McKewan
E. Anne Hawkins
405 Howard Street, The Orrick Building
San Francisco, California 94105-2669
Telephone: (415) 773-5700
Facsimile: (415) 773-5759

*Co-Counsel for Defendant-Appellant*

**SO ORDERED this _____ day of _____, 2005.**

_____
**United States District Court Judge**

5

22000219v1